Ronald ALEXANDER,
Petitioner–Appellant,

v.

John P. WHITLEY, Warden, Louisiana State Penitentiary, and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents–Appellees.

No. 91–3187

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1991.

Ronald Alexander, pro se.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Ronald Alexander seeks federal habeas corpus relief under 28 U.S.C. § 2254. His petition alleges that his plea of guilty to multiple offender charges was not intelligently entered. Without conducting an evidentiary hearing, the district court adjudged from the "totality of the circumstances" that Alexander's plea was voluntary. We remand to allow the district court to consider the intervening decision of the Supreme Court in *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) and decide whether Alexander's petition constitutes an abuse of the writ in violation of Rule 9(b) of the Rules Governing Section 2254 Cases.

I.

Alexander is presently incarcerated in a Louisiana state penitentiary. On October 29, 1975, two weeks after his conviction on burglary charges, Alexander was charged as an habitual criminal under Louisiana's recidivist statute. La.Rev.Stat. 15:529.1. On December 2, 1975, he entered a plea of guilty and was sentenced to twenty-five years' imprisonment. Alexander's conviction and sentence were affirmed on direct appeal. *State v. Alexander,* 362 So.2d 771 (La.1978). Thereafter, he unsuccessfully pursued post-conviction relief in both state and federal courts. In this, Alexander's second, petition under § 2254, he alleges that his due process rights were violated by the sentencing court's failure to advise him of certain rights before accepting his "true" plea to the multiple offender charge.

Alexander was fingerprinted in court before the sentencing hearing. Alexander's attorney then indicated to the court that Alexander would admit to the allegations in the multiple bill. The court engaged in the following colloquy with Alexander:

Q. (By the Court) Is that correct, Alexander?

A. (By Alexander) Yes, sir.

Q. You're making that admission on your own free will?

A. Yes, sir.

Q. Nobody is forcing you to do that?

A. No, sir.

The court then accepted Alexander's plea and imposed the sentence.

II.

■ As the district court correctly observed, in connection with guilty, or "true," pleas under state recidivist statutes, this circuit does not require that the full panoply of rights enunciated in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), be extended to the defendant. *See Holloway v. Lynaugh,* 838 F.2d 792, 793 (5th Cir.), *cert. denied,* 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988). A guilty plea to an enhancement charge is valid if the " 'totality of the circumstances' in the record demonstrates that the plea was voluntary and intelligent." *Swift v. Lynn,* 870 F.2d 1039, 1041 (5th Cir.1989) (quoting *Holloway,* 838 F.2d at 793).

The district court found from the "totality of the circumstance" surrounding Alexander's plea that the plea was entered voluntarily and free from coercion. The court held that the three factors that this court found determinative in *Buckley v. Butler,* 825 F.2d 895 (5th Cir.1987), were equally present here. In addition, the district court found evidence of voluntariness in the fact that Alexander changed his plea to guilty from not guilty and the fact that he was fingerprinted in court. The district court did not find whether Alexander's plea was entered "intelligently."

III.

We do not decide on this record whether Alexander was sufficiently informed of the consequences of his plea. The district court acknowledged that Alexander's § 2254 petition may violate Rule 9(b) as an abusive writ, but reached the merits:

[W]e decline, in the interest of judicial economy, to engage in the efforts necessary to make that determination, espe-

cially since the issue raised by petitioner herein is so obviously lacking in merit. It has been our experience that habeas petitioners, when given the opportunity to explain why their subsequent application should not be considered an abuse of the writ, rarely, if ever, acknowledge facts which would support a finding that they are abusing the writ, thereby necessitating an evidentiary hearing to resolve the writ abuse issue. To engage in such a futile exercise under the circumstances would be a waste of judicial resources.

The primary responsibility for deciding whether a petitioner has abused the writ is with the district court. *Jones v. Estelle*, 722 F.2d 159, 165 (5th Cir.1983). Yet the district court's discretion "is not unfettered." *Gunn v. Newsome*, 881 F.2d 949, 957 (11th Cir.1989). "The district court must exercise its discretion within certain guidelines, otherwise we run the risk that courts will engage in 'the exercise not of law but of arbitrariness.'" *Id.*

The district court's observation regarding the doctrine of writ abuse and the inefficiency in its use is understandable. However, since then the Supreme Court has brought considerable light to the doctrine, a decision the able district court did not have the benefit of.

We vacate and remand to the district court to enable it to first consider whether, in light of the standards set forth in *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the petition should be dismissed under Rule 9(b)'s prohibition of abusive writs.

**VACATED and REMANDED.**