United States Court of Appeals,

Fifth Circuit.

No. 91–3587

Summary Calendar.

Lionel J. FORET, Jr., Petitioner-Appellant,

v.

John P. WHITLEY, Warden, Louisiana State Penitentiary, and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.

July 9, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Lionel Foret is a prisoner currently serving a life sentence in Louisiana State Penitentiary for distribution of heroin. He filed this *pro se* § 2254 habeas petition challenging his life sentence, contending that denial of parole consideration deprived him of a protected liberty interest without due process, that the state parole sentencing court deprived him of due process in imposing the sentence, and that the sentence violates the Eighth and Fourteenth Amendments of the U.S. Constitution because it is indeterminate. The district court denied the petition on the merits but did not consider whether the petition constituted an abuse of writ in violation of Rule 9(b) of the Rules Governing Section 2254 Cases. We remand to allow the district court to consider whether Foret's petition abused the writ.

I.

After jury trial in January, 1977, Foret was convicted of distribution of heroin in Louisiana state court. Foret also pled guilty to another heroin distribution charge in July, 1977. The trial court imposed a life sentence for these charges. Foret appealed from his conviction and sentence, and the Louisiana Supreme Court set aside the sentence and remanded Foret's case for re-sentencing, finding that the trial court had not properly considered alternative sentences.

On remand, the trial court again gave a life sentence, offering reasons for the sentence, noting that Foret had attempted to escape from Louisiana State Penitentiary, that Foret was "in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution," and that "a lesser sentence would deprecate the seriousness of defendant's crime."

Foret then filed a § 2254 habeas petition in federal court, which was dismissed because Foret did not exhaust available state habeas remedies. After exhausting state habeas remedies, Foret returned to federal court with the same habeas petition. This petition alleged that Foret's guilty plea to one of the distribution counts was involuntary and that Foret was not given effective assistance of counsel. The district court denied this petition after an evidentiary hearing, and this court affirmed in an unpublished opinion. *Foret v. Blackburn,* 765 F.2d 141 (5th Cir.1985).

After his habeas petition had been denied, Foret wrote to the Chair of the Louisiana parole board requesting a parole hearing. Keetsie Tullier, the Chairman of the Board, wrote to Foret that "[La.]R.S. 15:574.4 prohibits parole consideration for those inmates serving a life sentence unless the sentence is commuted to a fixed number of years." After receiving this letter, Foret, filed a "motion to correct an illegally excessive sentence" in state trial court, which was denied, as were Foret's state petitions for collateral relief.

Foret then filed the present § 2254 petition for habeas relief in federal district court, contending that the state sentencing court and parole board deprived him of due process and that his life sentence violated the Eighth and Fourteenth Amendment of the U.S. Constitution. The state urged the district court to dismiss Foret's latest petition as an abuse of the writ under *McCleskey v. Zant,* ___ U.S. ___, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The district court, however, decided to "pretermit a discussion of the controlling Rule 9(b) precepts" and instead denied Foret's claims on the merits.

## II.

We do not address the merits of Foret's contentions on appeal.  As we noted in a similar case, "[t]he primary responsibility for deciding whether a petitioner has abused the writ is with the district court." *Alexander v. Whitley,* 940 F.2d 946, 948 (5th Cir.1991).  In *Alexander,* the district court declined to address whether a petition violated Rule 9(b), instead denying the petition on the merits. Noting that the district court's discretion in addressing the *McCleskey* issue " "is not unfettered,' " we vacated the district court's decision and remanded the case for a determination of whether the petition constituted an abuse of the writ under *McCleskey.  Alexander,* 940 F.2d at 948.

If the state asserts that the petition is an abuse of the writ under Rule 9(b), then the district court is obliged to address this issue before it reaches the merits of a case.  The district court abuses its discretion when it "pretermits" consideration of the *McCleskey* issue by denying the petition as meritless.  Insisting that state prisoners include all their claims in their first federal petition, absent narrow countervailing circumstances, is a basic limitation on the availability of the writ expressing powerful interests of comity and repose.  Rule 9(b) is not a technical barrier for meritorious petitions. We vacate and remand to the district court with instruction to consider whether Foret's petition should be dismissed as an abuse of the writ under Rule 9(b).

VACATED and REMANDED.